UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIERRA D. LUCKEY,

    Plaintiff,

v.                                                            Case No. 08-11700
                                                                 Hon. Sean F. Cox

ST. JOHN HEALTH SYSTEM, and
ST. JOHN SENIOR COMMUNITY,

    Defendants.
_____

**ORDER SETTING ASIDE CLERK'S ENTRY OF DEFAULT
AND DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT**

This matter is before the Court on Plaintiff's Motion for default judgment and Defendants' Motion to set aside entry of default. Pursuant to E.D. Mich. LR 7.1, the Court declines to hear oral argument. For the following reasons, the Court **DENIES** Plaintiff's Motion for default judgement and **GRANTS** Defendants' Motion to set aside entry of default.

**I. BACKGROUND**

This action arises out of the termination of Plaintiff's employment with Defendants. Plaintiff was employed as a housekeeper. Plaintiff took a medical leave from June 23, 2006 to July 21, 2006. She claims that when she returned to work on her next scheduled work day following the end of her leave, July 24, 2006, she was terminated.

On April 21, 2008, Plaintiff filed a single count Complaint alleging violation of the Family and Medical Leave Act, ("FMLA") 29 U.S.C. § 2601, et seq. Defendants having not

1

responded, on May 14, 2008, Plaintiff requested a Clerk's entry of default. Default was entered against Defendants on that date. On May 20, 2008, Defendants filed their Answer. On June 25, 2008, Plaintiff filed the instant Motion for entry of default judgment. On June 26, 2008, Defendants filed the instant Motion to set aside default.

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 55(c) provides that "[t]he court may set aside an entry of default for good cause..." The criteria used to determine whether good cause has been shown are whether: (1) the default was willful; (2) setting aside the default would prejudice the plaintiff; and (3) the alleged defense was meritorious. *O.J. Distributing, Inc. v. Hornell Brewing Company*, 340 F.3d 345, 353 (6th Cir. 2003). The district court abuses its discretion in denying a motion to set aside entry of default when the defendant has demonstrated it has a meritorious defense and no prejudice would result from setting aside the default. *Id.*

## III. ANALYSIS

Defendants allege the seven day delay in filing their Answer was due to a miscalculation of the due date. Defendants contend they were in the process of a reorganization. Further, Defendants assert they have a meritorious defense because they claim they fully complied with FMLA. Lastly, Defendants argue that Plaintiff will not be prejudiced by the setting aside of default.

Defendants have alleged a meritorious defense. In determining whether a defaulted defendant has a meritorious defense, likelihood of success is not the measure, rather, if any defense relied upon states a defense good at law, then a meritorious defense has been advanced. *Invst Financial Group, Inc. v. Chem-Nuclear Systems, Inc.*, 815 F.2d 391, 398-399 (6th Cir.

2

1987).  The defense is sufficient if it contains "even a hint of a suggestion" which, proven at trial, would constitute a complete defense.  *Id.* at 399 (citation omitted).  "The key consideration is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default."  *Id.* (citation omitted).

No prejudice will result to Plaintiff if the default is set aside.  The Answer was filed only approximately seven days late, and the litigation is still in the beginning stages.

There is no indication that Defendants were willful in failing to timely answer the Complaint.  Defendants filed an Answer approximately seven days late.

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to set aside default and **DENIES** Plaintiff's Motion for entry of default judgment.

**IT IS SO ORDERED.**

> **S/Sean F. Cox**
> **Sean F. Cox**
> **United States District Judge**

**Dated:  July 2, 2008**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on July 2, 2008, by electronic and/or ordinary mail.**

> **S/Jennifer Hernandez**
> **Case Manager**